In the Matter of Supplementary Proceedings: BENJAMIN W. ROSENBLUM, Respondent, *v.* SAUL MARMUR, Defendant. SOLOMON MUNVES, Appellant.

First Department, November 7, 1930.

*Max Leff* of counsel [*Drechsler & Leff*, attorneys], for third party, appellant.

*H. Preston Coursen* of counsel [*Weil, Coursen & Manges*, attorneys], for the respondent.

O'MALLEY, J. The order appealed from was made upon the application of the receiver of the property of the judgment debtor, Saul Marmur. It directs the appellant Munves, a third party, to produce for examination all the books and records of a partnership of which the judgment debtor, Munves, and one Selonick are members. The alleged purpose of the examination is to determine the interest of the judgment debtor in the partnership which is said to be in the course of liquidation. Munves is charged with full control of the liquidation of the assets and records of the partnership.

Reversal is sought on the ground among others that the receiver is without right to such an order and the court without authority to make it. It is further urged that in the circumstances disclosed even the judgment creditor himself would not be entitled to the order made in a proper exercise of the court's discretion.

The opposing papers show that the judgment creditor himself has heretofore examined the appellant as a third party and that such examination has been terminated; that during such examination the appellant permitted accountants to examine the books of the partnership to ascertain the capital interest of the judgment debtor, and that such accountants took copies of the capital accounts of all partners; that the receiver then sought a further examination of the books through other accountants, which was refused by the appellant on the ground that the judgment debtor was indebted to the firm and had no interest in it and that an examination of the books and records had already been had.

No authority for the order is called to our attention. The examination of third parties in supplementary proceedings is authorized by section 785 of the Civil Practice Act. But it is only the judgment creditor who may apply for examination under the statute and then only when the necessary jurisdictional facts are made to appear. We are not here concerned with the rights of a receiver in supplementary proceedings for examination before trial

or for a discovery and inspection in some other form of action or proceeding duly brought. It is sufficient for the purposes of our decision to hold merely that the section of the Civil Practice Act already referred to is limited solely to a judgment creditor.

Moreover, we are of opinion that upon the papers here submitted the application should have been denied as a matter of discretion. The judgment creditor had already completed an examination of the third party. No new facts were recited justifying a second examination.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.